*LAW OFFICES OF CIVARDI & OBIOL, P.C.*
*Attorneys for Plaintiff*
*23 South Main Street, Suite 30*
*Freeport, New York 11520*
*(516) 678-9797*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALEXANDER WILLIAMS, III,

                Plaintiff,

               **COMPLAINT**

      -against-

COUNTY OF NASSAU,
NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA,
NASSAU COUNTY SHERIFF'S DEPARTMENT, AND
JOHN DOE#1 THROUGH 6, NASSAU COUNTY
SHERIFF'S DEPUTIES WHOSE NAME ARE CURRENTLY
UNKNOWN.
             Defendants,
------------------------------------------------------------------X

      Plaintiff, ALEXANDER WILLIAMS, III as and for his Complaint, by his attorneys,

LAW OFFICES OF CIVARDI & OBIOL, P.C., respectfully alleges as follows:

## INTRODUCTION

    1.    Plaintiff brings this action to redress violations by defendants of plaintiff's rights

under the Constitution and Laws and of the United States of America and the State of New York.

    2.    This is an action pursuant to 42 USC §1983 to redress the deprivation under the

1

color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to ALEXANDER WILLIAMS, III by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, including but not limited to by the rights to:

    a) Freedom from unreasonable seizure;

    b) Freedom from excessive force and physical abuse;

    c) Freedom from cruel and unusual punishment;

and for redress of violations of the laws and common law of the United States of America, and the laws and common law of the State of New York including claims for assault, battery, and negligence.

**PARTIES, JURISDCITION and VENUE**

3.    Plaintiff, ALEXANDER WILLIAMS, III, is a legal citizen who resides at 117 Booth Street, Hempstead, New York 11550.

4.    At all times hereinafter mentioned, SHERIFF ANTHONY J. LaROCCA was and is the Sheriff of Nassau County, acting under color of state law.

5.    At all times hereinafter mentioned NASSAU COUNTY SHERIFF'S DEPARTMENT was and still is a Department of the COUNTY OF NASSAU charged with providing a safe and secure environment for detainees in custody.

6.    At all times hereinafter mentioned, JOHN DOE #1 through 6, NASSAU COUNTY SHERIFF'S DEPUTIES WHOSE NAMES ARE CURRENTLY UNKNOWN (DEPUTIES) are agents, servants, and employees of Defendants COUNTY OF NASSAU and NASSAU COUNTY SHERIFF'S DEPARTMENT and are sued both individually and in their official capacities.

7.    At all times hereinafter mentioned the aforementioned DEPUTIES were acting

2

under the color of state law.

8. At all times hereinafter mentioned the aforementioned DEPUTIES were acting in their official capacities.

9. At all times hereinafter mentioned the aforementioned DEPUTIES were acting within the scope of their employment.

10. At all times hereinafter mentioned, the aforementioned DEPUTIES were under the command of Defendant NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA.

11. That jurisdiction is conferred on this Court pursuant to U.S.C. §1331 which confers original jurisdiction upon the District Courts in all civil actions arising under the Constitution, laws or treaties of the United States; §1343, which confers original jurisdiction upon the District Courts in all civil actions to redress the deprivation under color of any State law, statute, ordinance, regulation, custom or usage of any right, privilege, or immunity secured by the Constitution of the United States; and 42 U.S.C. §1983 which confers original jurisdiction upon the District Courts in all civil actions brought for its enforcement.

12. Plaintiff invokes the supplemental jurisdiction of this Court in connection with the pendent state claims pursuant to 28 USC §1367 as they form part of the same case and controversy presented in the Federal Claims.

13. That on or about March 4, 2025, and within 90 days of the occurrence, Notice of Claim pursuant to §50-e of the New York State General Municipal Law was served on the COUNTY OF NASSAU and the NASSAU COUNTY SHERIFF'S DEPARTMENT, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA and JOHN DOE #1 through 6.

14. That more than thirty (30) days have elapsed since the service of the Notice of Claim and adjustment or payment of plaintiff's claims has been neglected or refused.

15.     That pursuant to demand of the above named defendants, a hearing pursuant to § 50-h of the General Municipal Law and Chapter 11 §11-4.2 of the Nassau County Administrative Code was held on May 20, 2025.

16.     That less than one year and ninety days have elapsed since the happening of the events upon which these claims are based.

17.     That venue is properly laid, pursuant to 28 U.S.C. §1391, et seq. in the Eastern District of New York where the events and violations complained of occurred.

## FACTUAL BACKGROUND

18.     That on or about December 9, 2024, Plaintiff ALEXANDER WILLIAMS III was at the Nassau County District Court and was under the care and custody of NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA, the NASSAU COUNTY SHERIFF'S DEPARMENT, and DEPUTIES.

19.     That on that date, the plaintiff was nervously fiddling with his cell door, causing a clicking sound.

20.     In response, JOHN DOE #1, a Nassau County Deputy Sheriff whose name is currently unknown, apparently became annoyed, and verbally and physically assaulted the Plaintiff calling him a profanity and striking his hand with an instrument which appeared to be a broom handle.

21.     In response the Plaintiff told JOHN DOE #1 that he should not speak to him in that manner.

22.     JOHN DOE #1 became enraged that the Plaintiff dared to demand he be treated with common respect and dignity.

23.     JOHN DOE #1 ordered that the cell be cleared of all occupants except the

Plaintiff.

24.    All of the other detainees were moved to a cell with a solid wall preventing any view of the Plaintiff.

25.    Once this was accomplished, JOHN DOE #1 rushed into the cell, leading the other DEPUTIES behind him.

26.    While plaintiff remained seated in the cell, JOHN DOE #1 punched him directly in the face, fracturing his nose.

27.    JOHN DOE #1 and the other DEPUTIES threw Plaintiff to the ground, and handcuffed him behind his back.

28.    The DEPUTIES, without any cause or justification, punched Plaintiff with fists, kicked and stomped him with boots, fracturing his facial bones and sprayed mace in his eyes, nose, and mouth even while he lay on the ground, shackled and completely defenseless.

29.    That after some time passed, Plaintiff was transported to the Nassau University Medical Center by Nassau County Police Ambulance.

30.    That as a result of his injuries, Plaintiff has suffered and continues to suffer severe pain, psychological anguish, and disability.

## AS AND FOR A FIRST CLAIM FOR RELIEF FOR VIOLATION OF CONSTITUTIONAL RIGHTS - 42 USC §1983

31.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "30" inclusive with the same force and effect as if fully set forth at length herein.

32.    That the acts of the Defendants, were performed under color of state law as described herein, constituting unreasonable seizure, excessive use of force and physical abuse, cruel and unusual punishment, and denial of proper medical care in violation of Plaintiff's Civil

Rights under the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States and under 42 U.S.C. §1983.

33.    That said acts were unlawful and performed without any justification in law whatsoever.

34.    That, as a direct and proximate result of the foregoing, plaintiff suffered serious injuries including:

a)    Violation of his Constitutional Rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution as follows:

1.    Unreasonable seizure;

2.    Excessive force and physical abuse;

3.    Cruel and unusual punishment; and

4.    Denial of prompt and adequate medical attention;

b)    Violations of the laws and common law of the United States of America, and the laws and common law of the State of New York including claims for:

1)    assault;

2)    battery; and

3)    negligence;

c)    Severe pain and suffering, extreme fear, emotional trauma.

35.    As a direct and proximate result of the aforesaid acts of the defendants, Plaintiff, ALEXANDER WILLIAMS, III suffered physical, psychological and economic injuries and damages that will continue into the future, has remained disabled, has suffered and continues to suffer severe pain and psychological anguish.

36.    The acts of the Defendants violated clearly established and well settled Federal

6

Constitutional Rights of the Plaintiff, ALEXANDER WILLIAMS, III.

37.    By reason of the foregoing, Plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) in addition to punitive damages and attorneys' fees authorized pursuant to 42 USC §1988.

**AS AND FOR A SECOND CLAIM FOR RELIEF FOR VIOLATION OF CONSTITUTIONAL RIGHTS – 42 USC §1983 MONELL CLAIM**

38.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "37" inclusive with the same force and effect as if fully set forth at length herein.

39.    That prior to December 9, 2024, the COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA, and the NASSAU COUNTY SHERIFF'S DEPARTMENT developed and maintained policies, customs, and usages exhibiting deliberate indifference to the Constitutional Rights of the citizens of the State of New York who were in their custody which precipitated the violations of Plaintiff ALEXANDER WILLIAMS III's constitutional rights.

40.    That the COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA, and THE NASSAU COUNTY SHERIFF'S DEPARTMENT failed to properly train, update, and caution its DEPUTIES in the proper and reasonable use of force.

41.    That is was the policy and/or custom and/or usage of the COUNTY OF NASSAU, NASSAU COUNTY SHERIFF, ANTHONY J. LaROCCA, and THE NASSAU COUNTY SHERIFF'S DEPARTMENT to inadequately and improperly investigate claims of injury and acts of negligence and/or misconduct and were instead tolerated, endorsed and ratified by them.

42.    That it was the policy and/or custom and/or usage of the COUNTY OF NASSAU,

NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA, and THE NASSAU COUNTY SHERIFF'S DEPARMENT to indemnify and defend its deputies and officers, including indemnification for awards for punitive damages, without discipline and all of which established the policy and custom of approving such conduct by giving the officers the unmistakable belief that such conduct was tolerated, approved and accepted.

43. It was the policy and/or custom and/or usage of the COUNTY OF NASSAU, NASSAU COUNTY SHEFIFF ANTHONY J. LaROCCA, and THE NASSAU COUNTY SHERIFF'S DEPARMENT to inadequately supervise, discipline, and train its officers, particularly but not limited to the proper use of force, including the defendant DEPUTIES, thereby failing to adequately discourage further Constitutional violations on the part of its deputies, officers and employees.

44. That the action of the Defendant DEPUTIES resulted from and were taken pursuant to a *de facto* policy of the Defendants, COUNTY OF NASSAU, NASSAU COUNTY SHEFIFF ANTHONY J. LaROCCA, and THE NASSAU COUNTY SHERIFF'S DEPARMENT to protect and ratify acts of misconduct on the part of its deputies and officers, to wit, the use of excessive force; failing to discipline; and failing to provide prompt medical attention following serious and obvious injuries.

45. That despite the knowledge of unconstitutional policies and practices, the supervisors making policy for the employees of the COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA, and THE NASSAU COUNTY SHERIFF'S DEPARTMENT have not as a matter of policy taken steps to terminate said practices, have not disciplined or otherwise properly supervised the individual deputies and officers who engaged in said practices, have not effectively trained deputies and officers with regard to proper constitutional statutory

8

limits on the exercise of their authority and have instead sanctioned the policies and practices described previously through their deliberate indifference to the effect of such policy and practices upon the Constitutional Rights of the Plaintiff herein and the residents and visitors to the COUNTY OF NASSAU, thereby authorizing and sanctioning such policies and practices.

46.    That it was the policy and/or custom and/or usage of the COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA, and the NASSAU COUNTY SHERIFF'S DEPARTMENT to allow the use of force on a detainee or inmate sitting in his cell.

47.    That is was the policy and/or custom and/or usage of the COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA, and the NASSAU COUNTY SHERIFF'S DEPARTMENT to use force on a detainee or inmate who had become an annoyance to a deputy.

48.    That is was the policy and/or custom and/or usage of the COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA, and the NASSAU COUNTY SHERIFF'S DEPARTMENT to turn a blind eye to assaults of detainees and inmates to allow Deputies to ignore use of force reporting requirements.

49.    That there was a widespread custom or usage among subordinate officials that implied constructive acquiescence by the COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA, and the NASSAU COUNTY SHERIFF'S DEPARTMENT.

50.    The defendants, COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA, and the NASSAU COUNTY SHERIFF'S DEPARTMENT having sanctioned the causes of the violation of Plaintiff's rights are liable to the Plaintiff for injuries

9

pursuant to 42 U.S.C. §1983, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

51.     By reason of the foregoing, Plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) in addition to punitive damages and attorneys' fees authorized pursuant to 42 USC §1988.

**AS AND FOR A THIRD CLAIM FOR RELIEF FOR ASSAULT**

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" inclusive with the same force and effect as if fully set forth at length herein.

53.     That the DEPUTIES intentionally placed the Plaintiff in apprehension of imminent and offensive contact, thereby constituting an assault.

54.     The Defendants, COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA, and the NASSAU COUNTY SHERIFF'S DEPARTMENT are liable to the Plaintiff for the actions of their agents, servants and employees pursuant to *Respondeat Superior* liability.

55.     That as a result, the Plaintiff has been damaged and seeks an amount which would exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction in addition to punitive damages.

**AS AND FOR A FOURTH CLAIM FOR BATTERY**

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" inclusive with the same force and effect as if fully set forth at length herein.

57.    That the Defendant DEPUTIES intentionally caused harmful and offensive contact to the Plaintiff, thereby constituting a battery.

58.    That Defendants, COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA, and the NASSAU COUNTY SHERIFF'S DEPARTMENT are liable to the Plaintiff for the actions of their agents, servants and employees pursuant to *Respondeat Superior* liability.

59.    That as a result, the Plaintiff has been damaged and seeks an amount which would exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction in addition to punitive damages.

## AS AND FOR A FIFTH CLAIM FOR RELIEF FOR NEGLIGENCE, GROSS NEGLIGENCE AND RECKLESSNESS

60.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "59
" inclusive with the same force and effect as if fully set forth at length herein.

61.    That Defendants were under a duty to provide safety, protection, and care for all detainees in their custody and more particularly to Plaintiff; to use the least amount of force possible; to provide prompt and adequate psychological and medical care; to make use of instrumentalities in their arsenal only when necessary and in a safe manner; to avoid injuring those in their care; and to follow all applicable laws, ordinances, rules and regulations.

62.    That Defendants, COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA, AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT were under a duty of due care in the screening, hiring, training, discipline and retention of Defendant DEPUTIES, and other employees of the municipal defendants.

11

63.     That Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCA, AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT are liable to the Plaintiff for the actions of their agents, servants and employees pursuant to *Respondeat Superior* liability.

64.     That the aforementioned acts of the Defendants are in breach of their respective duties, constituting negligence, gross negligence and recklessness.

65.     That as a result, the Plaintiff has been damaged and seeks an amount which would exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction in addition to punitive damages.

## JURY DEMAND

66.     Plaintiff demands a trial by Jury of all issues.

**WHEREFORE,** plaintiff demands judgment against the Defendants as follows:

a) In the sum of FIVE HUNDRED THOUSAND 00/100 DOLLARS ($500,000.00) on the First Claim for Relief;

b) In the sum of FIVE HUNDRED THOUSAND 00/100 DOLLARS ($500,000.00) on the Second Claim for Relief;

c) In an amount which would exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction on the Third Claim for Relief;

d) In an amount which would exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction on the Fourth Claim for Relief;

e) In an amount which would exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction on the Fifth Claim for Relief;

f) Costs, disbursements, punitive damages and attorneys' fees pursuant to 42

U.S.C. §1988.

Dated: Freeport, New York
July 17, 2025

Yours etc.,
LAW OFFICES OF CIVARDI & OBIOL, P.C.
Attorneys for Plaintiff

By: Richard C. Obiol, Esq.
Freeport Legal Plaza
23 South Main Street, Suite 30
Freeport, New York 11520
(516) 678-9797